IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL R. CHAIDES,<br><br>    Plaintiff,<br><br>v.<br><br>B. STRONG et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER DISMISSING DEFENDANTS & ORDERING SERVICE ON REMAINING DEFENDANTS**<br><br>Case No. 2:17-cv-1033-JNP<br><br>District Judge Jill N. Parrish |

  Plaintiff Daniel R. Chaides filed a *pro se* civil rights case, *see* 42 U.S.C. § 1983, proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915. The court now screens the Complaint, under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915–1915A.

### DISMISSAL ORDER ON DEFENDANTS STATE OF UTAH AND USP

  Plaintiff names as defendants State of Utah and Utah State Prison (USP). The court dismisses State of Utah and USP, as either a governmental entity or a subdivision that has immunity under the Eleventh Amendment, or has no right to sue or be sued. *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)).

## ORDER FOR SERVICE OF PROCESS ON REMAINING DEFENDANTS

The Court concludes that official service of process is warranted on the remaining defendants. The United States Marshals Service (USMS) is directed to serve a properly issued summons and copies of Plaintiff's Complaint, (*see* Doc. No. 6) and Complaint addendum, (Doc. No. 7), along with this Order, upon the following defendants: **B. Strong (USP); Officer Zimmerman (USP); Officer C. Graham (USP); Nurse Adam Archer (USP); and University of Utah Telamed mental health doctor, an Asian female.**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

> (i) within 20 days of service, file an answer;
>
> (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1]; and,
>
> (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).
    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

> (i) file an answer; or
>
> (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

> (i) within 20 days of service, file an answer;
>
> (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,
>
> (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing his answer.

The parties shall take note that local rules governing civil cases are in effect. This Court will order the parties to refile summary-judgment motions which do not follow the standards.

Plaintiff is notified that if Defendants move for summary judgment Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendants Utah State Prison and State of Utah are **DISMISSED.**

(2) USMS shall serve a completed summons, a copy of the Complaint and addendum, (*see* Docket Nos. 6 & 7), and a copy of this Order upon the above-listed **remaining** defendants—**B. Strong (USP); Officer Zimmerman (USP); Officer C. Graham (USP); Nurse Adam Archer (USP); and University of Utah Telemed mental health doctor, an Asian female.**

(3) Within twenty days of service, Defendants must file answer(s) or motion to dismiss, as outlined above.

(4) If filing (on exhaustion or any other basis) a *Martinez* report, Defendants must do so within 90 days of filing answer(s). Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

(5) If served with a *Martinez* report, Plaintiff may file a response within 30 days of the report's filing date.

(6) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(7) Summary-judgment motion deadline is 120 days from filing of answer.

(8) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

DATED June 25, 2018.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court