IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL R. CHAIDES,<br><br>    Plaintiff,<br><br>v.<br><br>B. STRONG et al.,<br><br>    Defendants. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br><br>Case No. 2:17-CV-1033-JNP<br><br>District Judge Jill N. Parrish |

# BACKGROUND

- September 14, 2017 Plaintiff submitted *pro se* prisoner civil-rights complaint, asserting federal civil rights violated, apparently from about March through April, 2015. (Doc. No. 6.)

- October 30, 2017 Order entered requiring Plaintiff to pay toward filing fee and denying Plaintiff's first motion for appointed counsel. (Doc. Nos. 4 & 5.)

- November 17, 2017 As ordered, Plaintiff filed consent to incremental collection of filing fee. (Doc. No. 8.)

- November 29, 2017 As ordered, Plaintiff paid initial partial filing fee.

- June 26, 2018 Order dismissing Defendants State of Utah and Utah State Prison and ordering service of process on Defendants Strong, Zimmerman, Graham, Archer, and unnamed telemed doctor. (Doc. No. 9.)

- July 16, 2018 Summonses returned executed as to Defendants Strong, Zimmerman, Graham, and Archer. (Doc. No. 12.) Summons returned unexecuted as to unnamed telemed doctor. (Doc. No. 13.)

- November 21, 2018 As ordered, *Martinez* report filed by Defendants (except unnamed telemed doctor). (Doc. No. 29.)

- December 6, 2018 As ordered, summary-judgment motion filed by Defendants (except unnamed telemed doctor). (Doc. No. 32.)

• May 6, 2019         Order to Show Cause entered, in which Court noted that Plaintiff had not filed summary-judgment response due January 7, 2019, and had not been directly heard from by Court since November 17, 2017, nearly eighteen months before. (Doc. No. 33.)

• July 15, 2019       Second Order to Show Cause entered, in which Court noted, "On May 16, 2019, Plaintiff submitted a letter that does not appear to be a proper summary-judgment response. (Doc. No. 34.) He promised that he would write again soon, but has not." (Doc. No. 35.) Plaintiff was given "a FINAL 14 days" to "SHOW CAUSE why his case should not be dismissed for failure to prosecute and failure to file response." (*Id.*)

• July 25, 2019       Plaintiff filed two-page letter reiterating details of claims and requesting continuance "so in September at the half-way house [he] can access [his] legal books." (Doc. No. 36.)

• August 6, 2019      Plaintiff filed second motion for appointed counsel. (Doc. No. 37.)

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). The Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating, though Rule 41(b) requires defendant file motion to dismiss, Rule has long been construed to let courts dismiss actions *sua sponte* when plaintiff fails to prosecute or comply with orders); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff).

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E.*

*Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). But, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). Thus, the Court must determine if the statute of limitations has expired on Plaintiff's claims if he were to refile them after dismissal.

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation," *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). The Court notes that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (§ 1983 case), and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Applying the four-year statute of limitations here, the Court concludes that Plaintiff's claims probably would be barred as untimely if refiled after dismissal. Plaintiff's claims arise from alleged events occurring in March-April, 2015. And it is now August 2019, more than four years later. Thus, a dismissal here would likely operate as a dismissal with prejudice.

When the dismissal is effectively with prejudice, this Court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)--namely, "(1) the degree of actual

prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted). Dismissal with prejudice is proper only when these factors outweigh the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The Court now considers the factors as follows:

<u>Factor 1: Degree of actual prejudice to Defendant</u>. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving

district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the Court concludes that Plaintiff's neglect prejudices Defendants. Starting thirteen months ago--on July 16, 2018--when summonses were executed, Defendants have defended this lawsuit in good faith. They have closely adhered to the Court's order, (Doc. No. 9), to submit answers, (Doc. Nos. 21-24), *Martinez* report, (Doc. No. 29), and summary-judgment motion, (Doc. No. 32). The *Martinez* report and summary-judgment motions thoroughly recite the facts and law, analyze the issues, and provide twelve relevant exhibits with evidentiary support. (Doc. Nos. 29-32.) This all took considerable time and resources from Defendants--and all for naught as Plaintiff has been unresponsive. Defendants have wasted thirteen months of litigation since they were first served. To let the case proceed when Plaintiff has not met his duties might require Defendants to spend more unnecessary time and money to defend a case that Plaintiff seems to have limited interest in pursuing. This factor weighs toward dismissal. *See Kalkhorst v. Medtronic, Inc*., No. 18-cv-580-KLM, 2018 U.S. Dist. LEXIS 215598, at *8 (D. Colo. Dec. 19, 2018); *see also Tolefree v. Amerigroup Kan., Inc*., No. 18-2032-CM-TJJ, 2018 U.S. Dist. LEXIS 195448, at *5 (D. Kan. Nov. 15, 2018) ("Defendants have had plaintiff's allegations pending in an open court case for nearly ten months, with no end in sight. Plaintiff, on the other hand, has shown little interest in pursuing her claims or following court orders.").

Factor 2: Amount of interference with judicial process. In *Jones*, the Tenth Circuit concluded that Plaintiff had significantly interfered with the judicial process when he failed to answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones

later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court said, "In similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit determined that plaintiff greatly interfered "with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villeco v. Vail Resorts, Inc*., 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with the orders of the district court flouted the court's authority and interfered with the judicial process." (Internal quotation marks and citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009).

Likewise here, Plaintiff's failure to prosecute this case, and specifically failure to comply with three orders requiring him to timely file a response to Defendants' summary-judgment motion, (Doc. Nos. 9, 33, & 35), necessarily interferes with effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to comply with court orders disrespects the Court and the judicial process. Plaintiff's neglect has caused the Court and staff to spend unnecessary time and effort. The Court's frequent review of the docket and preparation of orders to move this case along have increased the workload of the Court and take its attention away from other matters in which parties have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor weighs toward dismissal. *See Kalkhorst v. Medtronic, Inc.,* No. 18-cv-580-KLM, 2018 U.S. Dist. LEXIS 215598, at *8-9 (D. Colo. Dec. 19, 2019); *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (Emphasis in original.)).

<u>Factor 3: Litigant's culpability</u>. Proof of culpability may be drawn from Plaintiff's failure to be in touch with the Court for long stretches and to substantively respond to the Court's orders to respond to Defendants' summary-judgment motion. *See Villecco,* 707 F. App'x at 534; *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff solely responsible

for not updating address and responding to show-cause order); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (stating plaintiff at fault for inability to receive court filings based on failure to notify court of correct address).

Earlier in this case, Plaintiff showed ability to file a complaint and respond to Court orders. (Doc. Nos. 6 & 8.) Still, more than eight months have passed since Defendants filed their summary-judgment motion. (Doc. No. 32.) And Plaintiff has not responded to the motion, though past actions indicate that Plaintiff knows to do so. *See Banks*, 680 F. App'x at 724.

This factor weighs in favor of dismissal.

Factor 4: Whether Court warned noncomplying litigant that dismissal was likely sanction.
In *Faircloth*, the court twice warned plaintiff that failure to comply could result in dismissal. *Faircloth*, 2018 U.S. App. 36450, at *7. On appeal, when plaintiff argued he did not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (affirming dismissal with prejudice for failure to appear especially after party was repeatedly warned of consequences).

Here, the Court said on June 25, 2018 that "Plaintiff must submit a response [to a summary-judgment motion] within 30 days of the motion's filing date." (Doc. No. 9, at 4.) On

8

May 6, 2019, the Court said, "[W]ithin thirty days Plaintiff must SHOW CAUSE why his case should not be dismissed for failure to prosecute and failure to file response." (Doc. No. 33.) On July 15, 2019, the Court said, "[W]ithin a FINAL 14 days Plaintiff must SHOW CAUSE why his case should not be dismissed for failure to prosecute and failure to file response." (Doc. No. 35.) There can be no mistaking the Court's intentions.

Factor 5: Efficacy of lesser sanctions. Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7-8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

And in *Villeco*, dismissal was approved when, "given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The Tenth Circuit said that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another case, the Tenth Circuit stated that though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to

9

> ensure that the administration of justice occurs in a manner that
> most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (Citation omitted.)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles, the Court concludes that no sanction less than dismissal would work here. First, though Plaintiff is *pro se*, he is not excused from neglect. *See Green,* 969 F.2d at 917. Second, Plaintiff has neglected this case so thoroughly that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). This is because the Court received such a tepid response from Plaintiff

to its "FINAL" show-cause order: Plaintiff vaguely noted, "I need a continuance; so in September at the half-way house I can access my law books." (Doc. Nos. 35 & 36.) Plaintiff does not explain what he means by accessing his law books or why they are better accessed in September, nor any other details about his transition to different housing and recognition of the urgency of the Court's FINAL order.

"It is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12-13.

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Plaintiff's lack of responsiveness here, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's second motion for appointed counsel is DENIED, (Doc. No. 37), for the same reasons stated in the Court's order, (Doc. No. 5), denying Plaintiff's first motion for appointed counsel, (Doc. No. 4).

DATED August 16, 2019.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court