IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL R. CHAIDES,<br><br>                Plaintiff,<br><br>v.<br><br>B. STRONG et al.,<br><br>                Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING MOTION<br>TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 2:17-CV-1033 JNP<br><br>District Judge Jill N. Parrish |

On August 16, 2019, concluding Plaintiff had been prejudicially unresponsive in his litigation, the court dismissed his case. (Doc. No. 39.) On August 29, 2019, Plaintiff submitted a letter asking that his case be reopened, which the Court construes as a motion to alter or amend the judgment. (Doc. No. 40.) Plaintiff asserted logistical difficulties in appropriately responding to the court's orders and promised to submit a change of address after a move to a halfway house (planned for September 17, 2019). (*Id.*) Plaintiff still did not even try to respond to Defendants' summary-judgment motion, (Doc. No. 32). And, Plaintiff has not since corresponded with the Court, including to submit his change of address.

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v.*

> *HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff has not shown any of these three grounds for relief exist here. He only cites logistical difficulties. Nor has he followed up with a change of address, which shows a continued failure to prosecute—which prompted the dismissal order to begin with. Plaintiff thus does not meet the exacting standard for relief under Rule 59(e); the Court's August 16, 2019 Order and Judgment stand.

## ORDER

**IT IS ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (Doc. No. 40.) This action remains closed.

DATED January 2, 2020.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court